**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

LESLIE JOHN HAMILTON, JR.,

Petitioner,

v. Case No. 09-CV-43

UNITED STATES OF AMERICA,

Respondent.

---

## ORDER

Petitioner Leslie J. Hamilton, Jr. ("Hamilton") files this motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. On April 27, 2005, a jury convicted Hamilton of 28 counts of mail and wire fraud arising from a coin investment scheme. Hamilton now argues that he merits § 2255 relief because his trial attorney and appellate attorney provided ineffective assistance of counsel in violation of the Sixth Amendment. For the reasons stated below, the court is obliged to deny Hamilton's motion.

### BACKGROUND

Hamilton was originally charged in a 28-count indictment in August 2003. Attorney Douglas Bihler ("Attorney Bihler") was appointed to represent Hamilton shortly thereafter and handled Hamilton's pretrial motions, jury trial, and sentencing. Hamilton went to trial on April 18, 2005. The proceeding lasted for eight days and involved voluminous records and testimony from 29 witnesses, including Hamilton himself. The jury returned "guilty" verdicts on all 28 counts on April 27, 2005.

Several months later, Hamilton mailed a letter to Attorney Bihler asking him to "resign" and filed a complaint against Attorney Bihler with the Wisconsin Office of Lawyer Regulation. As a result of these actions by his client, Attorney Bihler filed a motion to withdraw as counsel on June 14, 2005. Hamilton also filed a motion for the appointment of new counsel. The court held a hearing on September 1, 2005, at which it addressed Hamilton's motion for new counsel prior to sentencing. The court stated that after presiding over Hamilton's trial, it could easily conclude that Hamilton's motion was an "endeavor to now shift the blame for his criminal conduct to what he perceives to be inadequacies of his counsel." The court denied Hamilton's motion and Attorney Bihler continued his representation.

Hamilton was sentenced on January 5, 2006, and the court imposed a 150-month term of imprisonment on the mail fraud counts and a consecutive 150-month term on the wire fraud counts. Hamilton filed a notice of appeal six days later. On March 29, 2006, the Seventh Circuit Court of Appeals granted Attorney Bihler's motion to withdraw as counsel and appointed Attorney Paul Camarena ("Attorney Camarena") to represent Hamilton on his appeal. Attorney Camarena took over representation and Hamilton apprised him of several issues Hamilton wanted raised on appeal, including ineffective assistance of trial counsel. However, after consideration, Attorney Camarena decided to concentrate his appellate argument on challenging this court's jury instructions. He argued that the court committed plain error by instructing the jury that a scheme to defraud could be established regardless of the defendant's intention or expectation that he could

satisfy the victim. Attorney Camarena briefed the jury instruction issue to the Seventh Circuit and appeared before the court for oral argument. Hamilton's appeal was ultimately unsuccessful and the Seventh Circuit affirmed this court's decision on September 21, 2007. Attorney Camarena then petitioned the United States Supreme Court for a Writ of Certiorari at Hamilton's request. Unsurprisingly, the petition was denied.

Hamilton then filed a § 2255 motion asking the court to vacate, set aside, or correct his sentence. In the motion, Hamilton alleges that Attorney Bihler and Attorney Camarena provided ineffective assistance of counsel. The court conducted an initial screening of Hamilton's petition and ordered Attorney Bihler and Attorney Camarena to file responses addressing Hamilton's allegations. These responses and the briefs of the parties are now before the court.

## ANALYSIS

A federal prisoner may move for his sentence to be vacated, set aside, or corrected under the following circumstances: a) his sentence was imposed in violation of the Constitution of federal law; b) the court did not have jurisdiction to impose the sentence; c) the sentence was in excess of the maximum authorized by law; or d) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. This type of § 2255 habeas corpus relief, however, is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 63-34 (1993)).

Hamilton argues that his sentence should be vacated because it was imposed in violation of the Sixth Amendment because he received ineffective assistance of counsel. Hamilton asserts that he received ineffective assistance from both his trial and appellate attorneys. However, to succeed on an ineffective assistance of counsel claim, a habeas petitioner must prove: 1) his attorney's performance fell below an objective standard of reasonableness; and 2) he suffered prejudice as a result. *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009) (citing *Strickland v. Washington*, 466 U.S. 688, 687-88, 693 (1984)). The reasonableness of an attorney's performance is measured under prevailing professional norms. *Hough v. Anderson*, 272 F.3d 878, 890 (7th Cir. 2001). A court's review of counsel's performance is "highly deferential" and a petitioner must overcome the presumption that an attorney's challenged act or omission may be considered sound trial strategy. *Id*. at 891. Further, even if counsel's performance was deficient, the petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. (citing *Strickland*, 466 U.S. at 694).

## I. Ineffective Assistance of Trial Counsel

Hamilton first alleges that he received ineffective assistance from his trial counsel, Attorney Bihler. Hamilton asserts that Bihler did not adequately confer with him during the pretrial phase, that Bihler did not contact or call as witnesses any of the 34 individuals who Hamilton suggested, that Attorney Bihler did not pursue defense strategies that Hamilton suggested, and that a conflict of interest existed

between Hamilton and Attorney Bihler. However, Hamilton fails to establish that Attorney Bihler's representation was professionally unreasonable or that the outcome of his jury trial would have been different without the alleged errors.

Hamilton fails to provide evidence supporting his assertions of ineffective assistance and each assertion is also refuted by Attorney Bihler. Hamilton argues that Attorney Bihler did not adequately confer with him during the pretrial phase of the case. However, Attorney Bihler contradicts this assertion. Attorney Bihler attests that he was in steady communication with Hamilton in the 18 months prior to trial and daily contact in the weeks leading up to trial. Attorney Bihler's time reports reveal nearly 30 conferences and faxes from September 2003 to March 2005. Attorney Bihler also notes that Hamilton was physically present in his office for nearly eight hours per day in the week leading up to trial. The court cannot find that this level of pretrial communication is unreasonably low.

Hamilton also neglects to explain how Attorney Bihler's failure to consult with him prejudiced his defense. Hamilton may be suggesting that Attorney Bihler's lack of communication caused Attorney Bihler to ignore or overlook meritorious defenses proposed by Hamilton. Hamilton does argue that Attorney Bihler was ineffective because he neglected to pursue "other defense strategies." However, Hamilton does not explain what these "other defense strategies" entail.

Additionally, Attorney Bihler denies that he ignored Hamilton's proffered suggestions or refused Hamilton's input. To the contrary, Attorney Bihler reports that he and Hamilton developed a theory of defense at their initial interview. This

defense proposed that Hamilton was an innocent business owner whose poor record-keeping practices were exploited by others for criminal activity. Attorney Bihler further explains that during the development of his defense, Hamilton repeatedly stated that a particular check or financial record would support his innocence. Upon review, however, the subject document was not exculpatory without Hamilton's personal explanation and relied solely upon his credibility. The court sees no ineffective assistance arising from Attorney Bihler's decision to present an "innocent business owner with poor record keeping practices" theory of defense. His trial strategy is entitled to considerable deference and Hamilton fails to establish that Attorney Bihler's decision to reject other potential defenses was unreasonable.

Hamilton's claim that Attorney Bihler was ineffective for failing to call Hamilton's 34 defense witnesses is similarly without basis or support. Hamilton provides no information regarding the testimony these witnesses would provide. In addition, Attorney Bihler explains that he did not call Hamilton's witnesses because they had nothing of value to add to the jury trial, given that "the few who had concrete information were either harmful to the defense or were a handful of 'true believers' in Mr. Hamilton's innocence." (Bihler Resp., at 3). The court cannot simply accept Hamilton's assertion that the jury would have returned a different verdict if it received testimony (of unknown substance) from Hamilton's 34 witnesses. Hamilton fails to demonstrate that Attorney Bihler's conclusions about the uselessness of the witness testimony was unreasonable or prejudicial to his defense.

Hamilton provides only one non-frivolous claim in his petition. He asserts that Attorney Bihler did not provide him effective assistance at sentencing because of a conflict of interest. After he lost at trial, Hamilton turned his efforts towards discrediting the defense provided by Attorney Bihler. Hamilton first requested that Attorney Bihler discontinue his representation. Hamilton then filed a complaint against Attorney Bihler with the Wisconsin Office of Lawyer Regulation. As a result of the complaint, Attorney Bihler filed a motion with the court requesting permission to withdraw as Hamilton's attorney because of an apparent conflict of interest under Wisconsin Supreme Court Rule of Professional Conduct 20:1:7. The court denied the motion because Hamilton's accusations were without merit. Hamilton argues that Attorney Bihler's continued work on his behalf after Attorney Bihler "acknowledged" that a conflict of interest existed constitutes ineffective assistance of counsel.

The court disagrees. Attorney Bihler expressed misgivings about remaining on the case after Hamilton asked for new counsel and filed a professional complaint. However, this fact does not establish that Hamilton was prejudiced by Attorney Bihler's continued representation. In order for a defendant to establish that he was denied effective assistance of counsel, he must demonstrate how an alleged conflict of interest adversely affected his lawyer's performance. *Gray-Bey v. United States*, 156 F.3d 733, 738 (7th Cir. 1998). Attorney Bihler provided vigorous representation during the sentencing and restitution phase of the case. He reports reviewing voluminous financial records, consulting with Hamilton's tax and civil lawyers, and

drafting a 13-page spreadsheet comparing the losses alleged by the writer of the presentence report and the losses evidenced a trial. These efforts pointed out a nearly $7.5 million difference in Hamilton's favor. Attorney Bihler also filed a sentencing memorandum regarding the calculation of loss related to Hamilton's crimes and the applicability of an enhancement for obstruction of justice. Further, Attorney Bihler continued his representation and advocacy on Hamilton's behalf through three amendments of the judgment of conviction. Hamilton does not deny that Attorney Bihler engaged in this work on his behalf, nor does he explain how Attorney Bihler's alleged conflict of interest adversely affected the attorney's performance.

Hamilton cannot demonstrate that Attorney Bihler provided ineffective assistance of counsel because his representation did not fall below an objective standard of reasonableness or prejudice Hamilton's trial and sentencing. Therefore, Hamilton does not merit habeas relief based on the performance of his trial counsel.

## II. Ineffective Assistance of Appellate Counsel

Hamilton next alleges that he received ineffective assistance from his appellate counsel, Attorney Camarena. Hamilton argues that Attorney Camarena ignored the list of issues Hamilton wanted to appeal and that he did not adequately communicate with Hamilton about his appeal. Hamilton also makes a confused argument asserting that Attorney Camarena did not "perfect" Hamilton's appeal because he excluded a claim for ineffective assistance of trial counsel.

Unfortunately for Hamilton, his ineffective assistance of appellate counsel claim suffers the same flaws as his ineffective assistance of trial counsel claim. Hamilton provides no support for his claims of inadequate representation and utterly fails to show that appellate counsel's performance was professionally unreasonable or that it prejudiced his appeal. First, the court noted above that Hamilton's claims of ineffective assistance of trial counsel were not meritorious. Thus, Attorney Camarena's choice not to raise the issue of ineffective assistance in Hamilton's appeal cannot itself constitute ineffective assistance of counsel. Further, the exhibits which Hamilton attaches to demonstrate the "issues" he wanted raised on appeal simply contain letters he wrote asserting that the government engaged in "criminal and outrageous conduct," alluding to various questions that "should have been asked" of trial witnesses, and alleging that this court was biased against him. Attorney Camarena's decision not to argue these claims to the Seventh Circuit Court of Appeals was reasonable and the court will not second-guess his litigation strategy based on Hamilton's unsupported allegations.

Second, Hamilton fails to establish that Attorney Camarena's failure to confer extensively with him prejudiced his appeal. Hamilton's petition complains that Attorney Camarena did not call or meet with him to thoroughly discuss the issues which Hamilton sought to raise in his appeal. However, Attorney Camarena determined that none of Hamilton's issues were meritorious and concentrated the appeal on the court's jury instructions. The materials and arguments Hamilton provided give this court no reason to conclude that Attorney Camarena was wrong

in his assessment of Hamilton's arguments. Further, an attorney need not advance every argument urged by the appellant in order to provide effective assistance. *See Evitts v. Lucey*, 469 U.S. 387, 394 (1985). Thus, the fact that Attorney Camarena did not engage in detailed discussions with Hamilton about Hamilton's proposed appellate issues did not prejudice his appeal.

The amount of communication between the two men similarly fails to establish prejudice. Hamilton does not allege that he had *no* communication with Attorney Camarena. Instead, he objects to the amount and content of his communications. Attorney Camarena notes in his response that he communicated with Hamilton by phone, mail, and, with Hamilton's consent, by email with third parties. (Camarena Resp., at 2). Thus, Hamilton fails to demonstrate that Attorney Camarena's level of communication was either unreasonable or prejudicial to his appeal.

Finally, Attorney Camarena did not fail to "perfect" Hamilton's appeal. Hamilton misunderstands perfecting an appeal and wrongly believes that a failure to raise an ineffective assistance of trial counsel claim constitutes a failure to perfect his appeal because the issue was a "dead bang winner." However, "perfecting" an appeal does not mean raising all possible issues. Instead, it means fulfilling the procedural requirements for filing an appeal. Hamilton's appeal was "perfected" at the time his notice of appeal was filed on January 13, 2006. Hamilton provides no evidence that Attorney Camarena neglected any procedural aspect of his appeal and the court can easily dismiss the argument.

Hamilton does not warrant habeas relief because he cannot demonstrate that Attorney Camarena provided ineffective assistance of counsel. Attorney Camarena did not prejudice Hamilton's appeal by failing to assert a claim for ineffective assistance of trial counsel because the claim lacks merit. Further, the court must give considerable deference to Attorney Camarena's strategic decision to limit his appellate argument to the issue of jury instructions. Finally, the frequency and content of Attorney Camarena's communications with Hamilton. and Attorney Camarena's attention to the procedural aspects of Hamilton's case, were both reasonable and nonprejudicial. Hamilton does not merit habeas relief based on the performance of his appellate counsel.

## III. Certificate of Appealability

The court is obliged to deny Hamilton's petition for habeas relief. Consequently, the court must also determine whether to grant Hamilton a certificate of appealability. A habeas petitioner must obtain a certificate of appealability before he may appeal an unfavorable decision to the Seventh Circuit Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A district court may only issue a certificate of appealability to a habeas petitioner if he makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Under the rules governing § 2255 cases, a district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11(a). For the reasons discussed above,

Hamilton fails to make a substantial showing of the denial of his Sixth Amendment rights and the court will deny him a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Hamilton's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket #1) be and the same is hereby **DENIED** and the case is **DISMISSED with prejudice**. The court also **DENIES a certificate of appealability**.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge